UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                           MEMORANDUM OF LAW AND ORDER
                              Crim. No. 06-379(10) (MJD)

MICHAEL EUGENE SEEBECK,

      Defendant.
_____

Chris S. Wilton, Assistant United States Attorney, Counsel for Plaintiff.

Rick Mattox, Counsel for Defendant.
_____

This matter is before the Court on remand from the Eighth Circuit Court of Appeals.

**Procedural History**

The Defendant entered a plea of guilty to Count 24 of the Superseding Indictment which charged Possession with Intent to Distribute 14 Grams of Methamphetamine.  He was sentenced on March 17, 2008 to a term of imprisonment of 151 months.  Pursuant to the terms of the Plea Agreement, the

Defendant waived his right to appeal any sentence below 188 months.

At the sentencing hearing, the Court determined that the Defendant was a career offender and that his applicable guideline range was 151-188 months. The career offender designation was based on prior convictions for assault and fleeing a police officer in a motor vehicle.

The Defendant did not appeal his sentence. The Defendant did, however, file a § 2255 petition through which he challenged the career offender designation through a claim of ineffective assistance of counsel. The Defendant argued that the conviction for fleeing a police officer should not have been deemed a violent crime, and further argued that counsel was ineffective for failing to raise this issue prior to sentencing.

The Court denied the § 2255 Petition, finding:

> Based on the court's ruling in Kendrick, and the description of the underlying offense as stated in paragraph 67 of the PSI, any objection to the determination that the prior conviction for fleeing a police officer was a crime of violence would have been without merit. As a result, Petitioner cannot show that his sentence range would have changed had counsel raised the objection. Because Petitioner has failed to demonstrate prejudice under the Strickland test, his claim of ineffective assistance of counsel is without merit.

The Defendant then filed a motion to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 59(e), again arguing that his prior

2

conviction for fleeing a police officer should not have been deemed a crime of violence. The Defendant based his argument on the decision of the United States Supreme Court in Begay v. United States, 553 U.S. 137 (2008), which addressed how courts should determine whether an offense is a "violent felony" under the residual clause of the Armed Career Criminal Act ("ACCA").

Approximately one week after the Defendant filed his Rule 59 (e) motion, and before this Court ruled on the merits of such motion, the Eighth Circuit Court of Appeals issued its decision in United States v. Tyler, 580 F.3d 722 (8th Cir. 2009), which held that under Minnesota law, the crime of fleeing a police officer is not a crime of violence within the meaning of the Sentencing Guidelines.[1]

At the time Tyler was issued, the Eighth Circuit had not yet determined that Begay could be retroactively applied on collateral review. Accordingly, this Court denied the motion to amend judgment, and granted a certificate of appealability on the following issue: "whether the holding of Begay v. United

---

[1] The Tyler decision has been called into doubt in Sykes v. United States, 131 S. Ct. 2267 (2011). In Sykes, the Supreme Court held that a prior conviction for fleeing a police officer under Indiana law was a crime of violence. While the Court based its decision on the Indiana statute, the decision suggests that, in and of itself, the act of fleeing a police officer in a vehicle is a violent felony because a "risk of violence is inherent to vehicle flight" and because "[s]erious and substantial risks are an inherent part of vehicle flight." Id. at 2274, 2276.

States, 128 S. Ct. 1581 (2008) applies retroactively, permitting Petitioner to collaterally attack his designation as a Career Offender, in spite of Petitioner's failure to file a direct appeal on this issue."

While the appeal as to retroactivity was pending, the Eighth Circuit issued its decision in Sun Bear v. United States, 611 F.3d 925 (8th Cir. 2010) ("Sun Bear I"). In that case, the court held that Begay announced a new substantive rule that, under Teague v. Lane, 489 U.S. 288 (1989), retroactively applies to career offender decisions under the sentencing guidelines on collateral review. Id. at 929. The court further held that a claim concerning an improper career offender designation is cognizable under § 2255. Id. at 932.

After the Sun Bear I decision was issued, the Eighth Circuit issued a per curium opinion in this case, reversing this Court's denial of the Defendant's motion to alter or amend judgment. Seebeck v. United States, 395 Fed. App'x 326 (8th Cir. 2010). The Eighth Circuit held that to the extent this Court found Begay does not apply retroactively on collateral review, such finding was legal error based on the government's concession on appeal that Begay should be applied retroactively and based on the decision in Sun Bear I. The Eighth Circuit vacated this Court's Order denying the motion to amend judgment, and remanded to the

matter for further proceedings.

A hearing was initially set following remand.  However, the hearing was continued until such time as the Eighth Circuit issued its en banc decision in <u>Sun Bear</u>.

On rehearing en banc, the Eighth Circuit vacated the panel decision in <u>Sun Bear I</u>, and affirmed the decision of the district court denying the § 2255 petition.  <u>Sun Bear v. United States</u>, 644 F.3d 700, 703 (8th Cir. 2011) ("<u>Sun Bear II</u>").  In so finding, the Eighth Circuit recognized the limited scope of relief available under § 2255.

> Section 2255 "was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus."  Like habeas corpus, this remedy "does not encompass all claimed errors in conviction and sentencing."  It provides a remedy for jurisdictional and constitutional errors, neither of which is at issue here.  Beyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; "an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'

<u>Sun Bear II</u>, 644 F.3d at 704 (citations omitted).  Given this scope, "questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper 2255 claim."  <u>Id.</u>  With respect to the defendant in <u>Sun Bear</u>, the court found that the defendant's 360 month sentence was not unlawful

5

because it was within the statutory maximum for the count of conviction and because such sentence fell within the guideline range without the career offender designation - which was 292-365 months.  Id.

Particularly relevant here, the Eighth Circuit overruled the per curium decision which found that this Court committed legal error by denying the motion to amend judgment.  Id. at 705 n.8 ("The dissent also cites our unpublished opinion in Seebeck v. United States, 395 Fed. Appx. 326 (8th Cir. 2010) for the proposition that a Begay retroactivity claim is cognizable under § 2255.  But the panel in Seebeck simply followed the prior panel decision in Sun Bear I[].  Seebeck is hereby overruled.").

## II.     Hearing After Remand

### A.     Ineffective Assistance of Counsel

The matter is now before the Court on remand from the Eighth Circuit decision, and there is some dispute as to the scope of these proceedings.  In his most recent submission to this Court, the Defendant argues he was denied effective assistance of counsel because he instructed his first attorney to file a notice of appeal, but that his lawyer failed to do so.  The Court notes that this argument was not presented in his original § 2255 petition, and the certificate of

appealability was limited to the issue of whether <u>Begay</u> could be applied retroactively on collateral review. The argument that counsel was ineffective for failing to file a notice of appeal was raised for the first time on appeal from the Court's order denying the motion to alter or amend judgment. In reversing and remanding the case to this Court, the Eighth Circuit did so only on the issue of whether <u>Begay</u> presents a cognizable claim under 2255.

Assuming the Defendant is entitled to assert the claim at this time, the Court held an evidentiary hearing to determine whether, in fact, the Defendant did request counsel to file a notice of appeal. <u>See</u> <u>Watson v. United States</u>, 493 F.3d 960, 964 (8th Cir. 2007). At this hearing, the Defendant testified that immediately after the sentencing hearing on March 17, 2008, he asked his attorney, Bruce Williams, to appeal his sentence, but Williams responded that there wasn't anything to appeal. The Defendant further testified that he had a phone conversation with Williams on March 21, 2008. During this conversation, however, he did not ask Williams to file an appeal because he believed he didn't have anything to appeal.

On cross-examination, the Defendant admitted that at sentencing, he was informed that he had ten days to file an appeal if he believed that this Court did

not follow the law in imposing his sentence.  He further conceded that he was informed that Williams would be his attorney on appeal, or that he could hire his own attorney or proceed *pro se*.  In later correspondence with Williams in June 2008, the Defendant sought a copy of his file, but he did not reference the issue of appeal.  (Government Ex. 4.)

Williams also provided testimony to the Court on this issue.  He testified that after the Defendant was sentenced, he met with him briefly in the lock up area to discuss his sentence.  The discussion had to take place in the lockup, because the Defendant engaged in disruptive behavior in the courtroom. During the conversation in the lock up area, Williams testified that the Defendant asked him whether he could appeal his sentence.  Williams told the Defendant that he could appeal his sentence and that they had a discussion as to what could potentially happen on appeal.  He also reminded the Defendant that in the Plea Agreement, he waived his appeal rights if the Defendant received a sentence below 188 months.  The Defendant had asked Williams if there were any issues he could raise on appeal, and Williams told him that he didn't believe there were any such issues.  Williams testified that he told the Defendant he would file an appeal, but he warned the Defendant that on appeal, the government could also

8

raise sentencing issues and could advocate a higher sentence. Williams testified that the Defendant told him he did not want to take a chance and did not want to go through an appeal.

Following the sentencing hearing, Williams testified that the only contact he had with the Defendant or his girlfriend concerned the return of the Defendant's personal property. (Government Exs. 3-5.) Williams responded to the Defendant's request, notifying him that he was no longer the Defendant's attorney as the time for appeal had expired. (Government Ex. 5.)

Whether the Defendant did in fact ask counsel to file an appeal on his behalf requires the Court to make a credibility determination. In this case, Williams testified that the Defendant did not request him to file an appeal, while the Defendant testified that he did. To assist the Court in assessing credibility, the Court finds it significant that the Defendant has not put forth any evidence to substantiate his claim that he told Williams to appeal his sentence. Evidence was presented to show that the Defendant and Williams were in contact following sentencing, and before the time to file a notice of appeal had run, but that the issue of appeal was not raised. Because the Defendant has failed to put forth any corroborating evidence, the Court finds that the Defendant's testimony in this

regard is not credible.[2]  As a result, his claim for ineffective assistance of counsel has no merit.

### B.   Begay Retroactivity

The only remaining issue is whether Begay affords the Defendant a cognizable § 2255 claim.  The Court finds that Sun Bear II controls this determination.  In Sun Bear II, the Eighth Circuit reaffirmed the principle that "questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper 2255 claim." Id. 644 F.3d at 704.  The court then determined that the defendant's 360 month sentence was not unlawful because it was within the statutory maximum for the count of conviction and because the defendant's guideline range without the career offender designation was 292-365 months.  Id. at 705-06.

Here, the Defendant was sentenced to 151 months as to Count 24, which charged possession with intent to distribute methamphetamine in violation of 21

---

[2] The Defendant attempted to challenge William's credibility by noting that his time log and the visitor's log do not corroborate his claim that he had a discussion with the Defendant in the lock up following sentencing.  (See Government Exs. 1 and 6.)  Williams testified, however, that immediately following sentencing, the Defendant engaged in disruptive behavior in the courtroom, and as a result, he was quickly taken to the lock up area, and that Williams accompanied the Defendant to lock up.  Williams believes he did not sign the visitor's log because of the unusual circumstances that brought him to the lock up area.  The Court finds this explanation credible.

U.S.C. § 841 (a)(1) and (b)(1)(C). A conviction pursuant to § 841 (b)(1)(C) carries a statutory maximum sentence of twenty years. Therefore, the Defendant's 151 month sentence is well below the statutory maximum sentence. In addition, the Defendant's applicable guideline range if he was not designated a career offender was 121-151 months. Because the Defendant's sentence falls under the statutory maximum and is within the applicable range had he not been designated a career offender, the Court cannot find that his sentence was unlawful or that failing to apply Begay results in a miscarriage of justice. Because the Defendant has not presented a cognizable claim under § 2255, the motion to alter or amend judgment must be denied.

### III.     Certificate of Appealability

An applicant for a writ of habeas corpus may not take an appeal unless a judge issues a certificate of appealability under 28 U.S.C. § 2253(c); see also Fed.R.App.P.22. In order for a certificate of appealability to issue, an applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issue differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

Based on the files, records and proceedings herein, the Court finds there are debatable issues presented herein and will therefore grant the Defendant a certificate of appealability.

IT IS HEREBY ORDERED that the Defendant's Motion to Alter or Amend Judgment [Doc. No. 390] is **DENIED**. A certificate of appealability is issued in this case for the determination of whether <u>Begay</u> affords the Defendant a cognizable § 2255 claim in light of <u>Sun Bear II</u> and the United States Supreme Court decision in <u>Sykes v. United States</u>, 131 S. Ct. 2267 (2011).

Date:   June 25, 2012

                                              s/ Michael J. Davis
                                              Michael J. Davis
                                              Chief Judge
                                              United States District Court